IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ABDUL ELIJAH MUHAMMAD                                                                           PLAINTIFF

v.                                              Case No. 1:15-cv-01023

SHERIFF DAVID NORWOOD, *et al.*                                                              DEFENDANTS

**ORDER**

Plaintiff, Abdul Elijah Muhammad, submitted this *pro se* action for filing on April 10, 2015. ECF No. 1. Currently before the Court is Plaintiff's failure to follow two Court Orders and failure to prosecute the case.

On April 10, 2015, Plaintiff filed his Complaint (ECF No. 1), and the Court granted him *in forma pauperis* status ("IFP"). ECF No. 3. The IFP Order advised Plaintiff to keep the Court apprised of any address changes. The Order also advised Plaintiff that failure to keep the Court informed of an address change may result in the dismissal of his case. Plaintiff has not communicated with the Court since filing his Complaint and IFP application.

On May 11, 2015, mail sent to Plaintiff at the Ouachita County Jail was returned as undeliverable because Plaintiff was no longer there.[1] On May 13, 2015, the Court entered an Order changing Plaintiff's address to the home address he provided to the detention center when he was booked.[2] On September 14, 2015, Defendants filed a Motion to Compel. ECF No. 13. On October 23, 2015, the Court entered an Order granting Defendants' Motion to Compel discovery responses from Plaintiff. ECF No. 17. Neither Order was returned as undeliverable.

---

[1] Mail was marked "Refused—Unable to Forward."
[2] This address is as follows:  19 Frederick Circle, Magnolia, Arkansas, 71753.

On November 25, 2015, Defendants filed a Motion to Dismiss. ECF No. 18. Defendants stated that Plaintiff failed to respond to the Court's Order (ECF No. 17) directing him to respond to Defendants' discovery requests. They further stated they were unable to effect service of correspondence on Plaintiff because Plaintiff had failed to keep the Court and Defendants apprised of his current address. ECF No. 18. On June 17, 2016, the Court entered a Show Cause Order directing Plaintiff to show cause why his case should not be dismissed for failure to keep the Court informed of his current mailing address. Plaintiff did not respond to the Show Cause Order, and the Order was not returned as undeliverable.

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *See Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice**.** Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the Court. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* Court order." *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)).

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has failed to comply with the Court's Order to Respond to discovery requests and the Order to Show Cause. Plaintiff has also failed to prosecute this matter.

Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be and hereby is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED** this 15th day of July, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge